Nott, J.
It appeared by the report of the presiding judge that the note, allowed to. be set-off, in this case had not been actually transferred to the defendant at the time the action was commenced. Something like a contract appears to have taken place between the payee of the note and the defendant. And, to use the language of the judge, “ the defendant had the election of taking the note as of that date.” If he had the election to take, he had the right to refuse. And that right must have been reciprocal. It was, therefore, at most, a mere naked contract, which could not have been enforced on either side, But, even if the contract had been completed for a *250 Valuable consideration, as long as it remained executory anti the right to the note not changed by actual delivery, it was not a subject of set-off. Debt.- to be set-off must be mutual Subsisting debts at the time the action is commenced. Some of the early cases, to be sure, seem to favor a different opinion. (Reynolds vs. Baring, Douglass 112, in note. Sullivan vs. Montague, Do. 106.) But they have been overruled by later decisions. (Evans vs. Prosser, 3 D. and E. 186.) Judge Duller said he had looked into the case of Reynolds and Baring and found that it could not be supported [Montague on Set-off 35. Carpenter vs. Butterfield, 3 Johnsons Cases 145.) The same doctrine prevails in’ cases of bankruptcy. [Dickson vs. Evans, 6 D. and E. 57.) To entitle a person to a set-off, his demand must be an existing one at the time the bankruptcy happens. Lord Kenyon observed in that ease, that “it would be most unjust indeed if one person, who happens to be indebted to another at the time of the bank» ruptcy of the latter, were permitted, by any intrigue between himself and a third person, so to change his situation as to diminish or totally destroy the debt due to the bankrupt by an act,-Cxpostfacto.” And Judge Ashhursi observed in the same case,; that much fraud and great injustices would be introduced if any other rule were to prevail. We have adopted the same rule with regard to administrators. Debts mutually subsisting at the death of the intestate, only, are allowed to be set-off. (Ezekiel May the Adm'r. of Thomas White vs. Sarah Flak, 2 Nott and M‘Cord 398.) The same principle applies to all the cases. The plaintiff may have wanted his money to pay the very debt which has now been set off against him; The defendant refused to pay, until he drove the plaintiff to bis action, and then he has obtained the possession of this mote for the purpose of throwing.tbe costs upon him. Such á speculation cannot meet with the support of this court, | agree with the presiding judge that the indorsement was immaterial, because being payable to bearer the note would have passed by delivery. But, in either case, the defendant's *251 right could only have accrued from the time of de’iyeryo The motion therefore must be granted. (a)
James J. Caldwell for the motion.
Bausi-ett and Dunlap contra.

 The case of Butler, Assignee, vs. Dunlap, cl rin this term Wa^-decided 03 the anthoiity of the above ease oí Turner aau ¿'h-e.pherd,